UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| NIKCOLI CARTER <br> 445 N 43rd STREET <br> LOUISVILLE, KY 40212 <br><br> Plaintiff <br><br><br><br> VS. <br><br> DWAINE DURRETT, <br><br> Serve: Officer Dwaine Durrett <br> 633 W. Jefferson Street <br> Louisville, KY 40202 <br><br> AND <br><br> AUSTIN MOTA, <br><br> Serve: Officer Austin Mota <br> 633 W. Jefferson Street <br> Louisville, KY 40202 <br><br> AND <br><br> JUSTIN NAVA, <br><br> Serve: Officer Justin Nava <br> 633 W. Jefferson Street <br> Louisville, KY 40202 <br><br> OFFICER LUCKETT 7363 <br><br> Serve: Officer Luckett 7363 <br> 633 W. Jefferson Street <br> Louisville, KY 40202 | Complaint with Demand for Jury Trial <br><br> Civil Action No.  3:19-CV-518-DJH |

| | |
|---|---|
| JOEL A LOPEZ | ) |
| | ) |
|    Serve: Officer Joel A. Lopez | ) |
|        633 W. Jefferson Street | ) |
|        Louisville, KY 40202 | ) |
| AND | ) |
| | ) |
| LOUISVILLE METRO POLICE DEPARTMENT | ) |
| | ) |
|    Serve: Steve Conrad (Chief of Police) | ) |
|        633 W. Jefferson Street | ) |
|        Louisville, KY 40202 | ) |
| | ) |
| STEVE CONRAD | ) |
| | ) |
|    Serve: Chief Steve Conrad | ) |
|        633 W. Jefferson Street | ) |
|        Louisville, KY 40202 | ) |
| | ) |
| | ) |
|           Defendants | ) |

\* \* \* \* \* \* \* \*

Comes the Plaintiff, Nikcoli Carter, by and through counsel, and for his Complaint against the above named Defendants hereby states as follows:

**PRELIMINARY STATEMENT**

1. This case presents multiple claims against the Louisville Metro Police Department and its law enforcement officers arising from an incident in which officers for the Louisville Metro Police Department used excessive force, engaged in police brutality and corruption, filed a malicious prosecution charge, excessively charged Nikcoli Carter with various crimes, caused bodily injuries to Nikcoli Carter, caused Nikcoli Carter medical expenses, and violated Nikcoli Carter's civil and constitutional rights under the color of law pursuant to 42 USC §1983.

**PARTIES AND JURISDICTION**

2. Plaintiff, Nikcoli Carter, (hereafter Nikcoli) is an adult resident of Louisville, Kentucky and resided there at the time of the events that gave rise to this case.

3. The Louisville Metro Police Department (hereafter "LMPD") is a Kentucky government body that is charged with the duty to provide law enforcement services and protection for the City of Louisville and the Commonwealth of Kentucky.

4. Steve Conrad is the acting Chief for the LMPD and served as Commissioner at all times relevant to Plaintiff's claims. He is named in this lawsuit in his individual and official capacities.

5. Dwaine Durrett, Austin Mota, Justin Nava, Luckett (7363) and Joel Lopez are officers for the LMPD and served as LMPD officers during the events that gave rise to Plaintiff's claims. They are named in this lawsuit in their individual and official capacities.

6. This action arises under 42 U.S.C. §1983 and the Plaintiff is seeking redress for the violations of his constitutional and civil rights under the United States and Kentucky Constitutions.

7. The United States District Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in this judicial district under 28 U.S.C. §1391 because all claims arose in Jefferson County, which is located in the geographic area covered by the Western District of Kentucky.

**STATEMENT OF FACTS**

9. On July 22, 2018, Plaintiff, Nikcoli, an African-American male, was at the bus stop in Jefferson County, Kentucky on the corner of Dixie and Hill.

10. While waiting for the bus's arrival, Nikcoli was unjustifiably approached by police.

3

11. Nikcoli walked away from the bus stop due to intimidation and fear of potential police misconduct.

12. Once the Defendants caught up with Nikcoli, they struck him with closed fists and kicked him several times causing a gash to the right side of his eye and pain to his jaw and back.

13. Subsequently, Nikcoli was arrested, placed in handcuffs, and then transported by EMS to University of Louisville Hospital.

14. Nikcoli questioned the validity of the stop, believing that he did not violate any law by waiting for the bus at a city bus stop. He also explained that he has a previous brain injury that was caused by an accident during childhood and goes to counseling to help manage his trauma.

15. The Defendants charged Nikcoli with Fleeing or Evading Police, 2nd Degree (Motor Vehicle).

16. Due to Nikcoli's hospitalization, Nikcoli consequently suffered from missed Court dates, increased counseling expenses, medical expenses, legal expenses, and prolonged inflicted injuries.

17. From the abovementioned charges, Nikcoli is pleading innocent to Fleeing or Evading Police.

18. The remaining charges are pending.

19. The acts of the Defendants in stopping, chasing, beating, and arresting Nik, were all separate and distinct illegal and unreasonable seizures under the Fourth Amendment.

20. Thus, Nikcoli Carter is entitled to all damages allowable pursuant to 42 U.S.C. §1983, including, but not limited to:

   A. Conscious pain and suffering.

B. Medical expenses.

C. Increased counseling expenses.

21. Because the Defendants acted in an intentional, reckless, and malicious manner toward Nikcoli Carter with deliberate indifference to and callous disregard for his health, safety and welfare, Plaintiff, Nikcoli Carter, is entitled to punitive damages.

22. The Defendants' actions in this regard were carried out as part of the custom, policies and practices of the LMPD, which included a failure to train, supervise, discipline, or properly instruct its officers in the laws of the Commonwealth of Kentucky regarding civilian stops, arrests, use of force, *inter alia*.

23. The acts complained of were clearly established as illegal and unconstitutional before the date of this incident on July 22, 2018 and the Defendants are therefore not entitled to qualified immunity.

## COUNT I -- DEPRIVATION OF RIGHTS UNDER THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

26. Plaintiff re-alleges and incorporates by reference paragraph 1 through 23 as though fully stated herein.

27. That the conduct of the Defendants was subject to 32 U.S.C. §§1983, 1985, 1986, and 1988.

28. The Defendants, acting under color of law, deprived Plaintiff of his substantial rights secured by the United States Constitution and other laws, along with his constitutional right to equal protection of the laws.

29. The aforementioned actions and inactions of Defendants, as described in this Complaint, in condoning, authorizing, directing and/or causing Nikcoli Carter to be physically

injured and restrained and then subject to false and malicious charges violated Nikcoli's civil and constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable searches and seizures of his person and the right to be free from the use of excessive, unreasonable unjustifiable force.

30. The aforementioned Defendants, who were acting under color of law, alone or in concert with one another, caused specific and serious physical and emotional pain and suffering and were 1) excessive and unreasonable, (2) done intentionally, willfully, maliciously, with a deliberate indifference to and/or with a reckless disregard for the natural and probable consequences of their acts and (3) done without lawful justification or reason.

31. As a direct and proximate result of Defendants' wrongful acts and omissions, Nikcoli suffered and may suffer in the future substantial and permanent physical and emotional pain and humiliation, attorney fees and medical costs.

32. As a further result of the events alleged herein, Nikcoli suffered loss of liberty and other constitutional rights mentioned previously.

33. The actions of the Defendants herein were of a nature which shocks the conscience and violated the fundamental protected due process rights of Nikcoli.

34. The conduct of the Defendants violated clearly established constitutional rights which a reasonable person would have known.

### COUNT II – LIABILITY OF CITY OF LOUISVLLE, LOUISVILLE METRO POLICE DEPARTMENT, AND THEIR DEFENDANT AGENTS

30. Plaintiff re-alleges and incorporates by reference paragraph 1 through 34 as though fully stated herein.

31. Defendants' acts and/or omissions resulted in the constitutional violations suffered by Plaintiff, making them liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers.

32. At all times relevant to this Complaint, Defendants, City of Louisville, the LMPD and Defendant Conrad, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of officers.

33. At all times relevant to this Complaint, said Defendants, either directly or indirectly, under of color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanted conduct of the police officers heretofore described.

34. At all times relevant to this Complaint, said Defendants, had in effect policies, practices and customs and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individual rights.

35. Said Defendants were negligent in hiring, retraining, monitoring, supervising and/or failing to take remedial actions.

36. Said Defendants inadequately and improperly investigated incidents of police misconduct.

37. Said Defendants failed to enforce policies and procedures and legal requirements.

38. Said Defendants failed to adequately train, supervise and/or discipline their police officers, thereby failing to adequately discourage and prevent further constitutional violations.

39. Said Defendants failed to have policies and procedures in place to guard against police misconduct, which was a substantial contribution factor in causing Nik to suffer damages.

40. The wrongful practices, policies, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the Defendants to the constitutional rights

of persons within the City, and were the direct and proximate cause of the damages, including violation of Nik's rights alleged herein.

41. Furthermore, Defendants are vicariously liable for the acts of their Police Officers.

### COUNT III -- DEPRIVATION OF RIGHTS UNDER THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983 – FALSE ARREST

42. Plaintiff re-alleges and incorporates by reference paragraph 1 through 41 as though fully stated herein.

43. Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Nikcoli Carter has a right to be free from arrest without probable cause and these rights are enforceable under 42 U.S.C. §1983.

44. The Defendants had no probable cause to believe that Nikcoli Carter was committing or had committed a crime at the time the Defendants placed him under arrest.

45. As a result of his arrest and detention without probable cause by the Defendants, Nikcoli Carter suffered and may suffer in the future, physical and emotional pain and humiliation, attorney fees, and medical costs.

### COUNT IV- ASSAULT AND BATTERY-COMMON LAW CLAIMS

46. Plaintiff re-alleges and incorporates by reference paragraph 1 through 45 as though fully stated herein.

47. By the conduct and actions described herein, the Defendants committed the torts of assault and battery upon the Plaintiff.

48. The Defendants had physical contact with Plaintiff, which was intentional, unauthorized and grossly offensive.

49. The Defendants intentionally placed Plaintiff in imminent fear of bodily injury.

50. The actions of the Defendants were intentional, reckless, unwarranted, nonconsensual and without any just cause or provocations.

51. As a direct and proximate result of the foregoing, Plaintiff was subjected to physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

### COUNT V-NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE

52. Plaintiff re-alleges and incorporates by reference paragraph 1 through 51 as though fully stated herein.

53. That as a result of the aforementioned conduct, the Defendants breached their respective duties of care to or in favor of Nik and were negligent and/or grossly negligent.

54. That pursuant to KRS § 446.070 "(a) person injured by the violation of any statute may recover from the offender such damages he sustained by the reason of the violation although a penalty or forfeiture is imposed for such violation."

54. That the Defendants knew or should have known of their obligations to comply with LMPD Standard Operating Procedures that were place at the time of the incident, including Section 9.1 use of Force.

55. That to the extent there is no in-car audio/video recording from the Defendants who approached and assaulted Nikcoli Carter, the Defendants willfully violated section 4.1.5 of their Standard Operating Procedures (SOP's).

56. That the failure of the Defendants to record or preserve in-car audio/video from the officers who assaulted Nik, violates the purpose of the SOP 4.1.1, which states that LMPD has adopted the use of in-car audio/video recording systems for the purpose of documenting official actions taken by officers of the department and that in-car recording equipment enhances officer

safety, assists in the documentation of events made during motor vehicle stops and other critical incidents and enhances the prosecution of law violations.

57. That had the offending officers activated their lights upon approaching Nikcoli Carter, the MVS would have activated and potentially recorded the assault and battery and other critical evidence. The failure to activate lights while engaging in a police stop and arrest is a failure to follow critical LMPD policy.

58. That to the extent there is no body camera video from the officers who approached and assaulted Nikcoli Carter, the Defendants willfully violated section 4.31.6 of their Standard Operating Procedures (SOP's).

59. That the failure of the Defendants to record or preserve body camera video from the assault, violates the purpose of the SOP 4.31.6, and constitutes a failure to follow critical LMPD policy.

## COUNT VI-SPOLIATION AND MALICIOUS DESTRUCTION OF EVIDENCE

60. Plaintiff re-alleges and incorporates by reference paragraph 1 through 59 as though fully stated herein.

61. That the LMPD cruiser in which the officers who chased Nik and assaulted Nik was activated with a Mobile Video System (MVS), which included an Arbitrator Digital Camera.

62. That the Defendants have destroyed or willfully refused to produce the recorded video and audio that was in the LMPD cruiser on July 22, 2018.

63. That Defendants have destroyed or willfully refused to produce the recorded video and audio of the officers who assaulted Nikcoli Carter.

64. That the denial and failure of the Defendants to secure and produce the critical audio and video evidence is both a violation of LMPD policy and also a willful and malicious

spoliation of critical evidence, thereby entitling the Plaintiffs to remedies for the same at trial. This includes, but is not limited to, an adverse jury instruction against the Defendants.

65. By failing to produce and/or destroying critical video and audio, the Defendants have violated internal policies and engaged in a conspired effort to withhold critical evidence and have willfully engaged in the spoliation of evidence.

### COUNT VII-FALSE IMPRISONMENT

66. Plaintiff re-alleges and incorporates by reference paragraph 1 through 65 as though fully stated herein.

67. Defendants intentionally restrained Plaintiff's person, confined him against his will and deprived him of liberty of movement without his consent.

68. Plaintiff was aware of the confinement and suffered pain and mental anguish as a result.

69. As a proximate and substantial result, Plaintiff has suffered physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

### COUNT VIII - OFFICIAL MISCONDUCT

70. Plaintiff re-alleges and incorporates by reference paragraph 1 through 69 as though fully stated herein.

71. Defendants, public servants acting under color of law, intended to injure Plaintiff and deprive him of his civil rights while knowingly (1) engaged in conduct related to his office and which constituted an unauthorized exercise of his official functions, (2) refrained from performing a duty imposed upon him by law or clearly inherent in the nature of his office and/or (3) violated a statute or lawfully adopted rule or regulation relating to their office.

72. Defendants' conduct violated KRS 522.020 and caused Plaintiff to suffer damages.

## **COUNT IX– MALICIOUS PROSECUTION**

73. Plaintiff re-alleges and incorporates by reference paragraph 1 through 72 as though fully stated herein.

74. Defendants, individually and collectively, maliciously and intentionally, caused Nikcoli to be subject to a wrongful prosecution for the offenses of Fleeing or Evading Police, 2nd Degree (Motor Vehicle).

75. Defendants filed and allowed the criminal case to proceed even though the charges were not supported by probable cause or credible evidence.

76. Defendants, with an ulterior motive and an improper purpose, have also willfully committed the tort of abuse of process by their actions and inactions in connection with this case.

WHEREFORE, Plaintiff, Nikcoli Carter, demands the following relief:

1. Compensatory damages as supported by evidence and determined by a jury;

2. Punitive damages;

3. Attorney fees;

4. Court costs;

5. Leave to amend his Complaint;

6. Pre-judgment and post judgement interest;

7. Trial by jury;

8. Any and all other relief to which the he is properly entitled in law and equity.

RESPECTFULLY SUBMITTED,

/s/ Aaron Kemper
_____

AARON KEMPER
Attorney for Plaintiff
Barrister's Hall
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
kemper.aaron@gmail.com


/s/ Zac Meihaus
_____

R. ZACHARY MEIHAUS
Attorney for Plaintiff
Barrister's Hall
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
zmeihaus@gmail.com